UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicole Ann Skaro and<br>Matthew Martin Skaro, Nicole/<br>Matthew Skaro OBO Minor<br>Children DS (2006), VS (2012)<br>VJS (2013-2015), LS (2014),<br>GS (2016);<br><br>                    Plaintiffs,<br><br>v.<br><br>Waconia Public Schools,<br>Independent School District 110,<br>Paul Tordoff, Pat Devine,<br>Jennifer Froehlich,<br>Dr. Khuzana DeVaan, and<br>Dana Geller,<br><br>                    Defendants. | Civ. No. 22-1687 (PAM/DTS)<br><br><br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendants' Motion to Dismiss. (Docket No. 17.) For the following reasons, the Motion is granted.

**BACKGROUND**

Pro se Plaintiffs Nicole and Matthew Skaro bring this lawsuit on behalf of their five minor children, three of whom were students in an elementary school in Waconia, Minnesota, during the events of this lawsuit. Plaintiffs are suing Defendants Waconia Public Schools, Independent School District 110 ("the District"),[1] and various school officials—

---

[1]    Although Waconia Public Schools and Independent School District 110 are listed as separate Defendants on the Docket, the Court takes judicial notice that they are the same entity and shall refer to them collectively as "the District." See Waconia Public Schools ISD 110, https://isd110.org/ (last accessed November 4, 2022).

Paul Tordoff, Director of Special Education; Pat Devine, Superintendent; Jennifer Froehlich, Special Education Manager; Dr. Khuzana DeVaan, Southview Elementary Principal; and Dana Gellar, Chair of the Waconia School Board—claiming that Defendants violated their civil rights from August 2021 to April 2022 "by not providing special education services to [Plaintiffs'] children." (Compl. (Docket No. 1) at 5.)[2]

Waconia schools conducted school virtually for the 2020-2021 school year, but returned to in-person schooling for the 2021-2022 school year, ending the full-time distance-learning option. (See id.; Mace Decl. (Docket No. 20) Ex. A at 7-8.)[3] Plaintiffs did not want their children to return to in-person schooling, contending that at least two of their children were immunocompromised. (Compl. at 5.) Plaintiffs rejected Defendants' offer to allow Plaintiffs' elementary-age children to attend in-person school in their own separate classroom with masked and socially distanced staff or to attend another school district virtually, choosing instead not to send their children to school. (See id.; Mace Decl. Ex. B at 12.)

---

[2] Because the Complaint's paragraphs are not numbered, all citations to the Complaint refer to the page number.

[3] "Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted). Therefore, in construing the facts of the case, the Court considered the Complaint and the administrative and state court decisions in this matter, which Defendants supplied. See Glow In One Mini Golf, LLC v. Walz, 37 F.4th 1365, 1370 (8th Cir. 2022) (quoting Miller v. Redwood Toxicology Lab'y, Inc., 688 F.3d 928, 931 (8th Cir. 2012) (alterations in original) (citation omitted) ("When considering . . . a motion to dismiss . . . the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.").

**1.     MDE Complaint**

In September 2021, Plaintiffs filed a complaint with the Minnesota Department of Education ("MDE"), claiming that Defendants failed to provide their three minor children special-education and other services, as required by their individual education plans ("IEPs"). (Compl. at 6, 7; see Mace Decl. Ex. B.)  The MDE issued its decision in December 2021, finding that the District failed to provide special education services to Plaintiffs' children. (Mace Decl. Ex. B at 26.)  In April 2022, the MDE ordered the District to provide "compensatory services . . . to make up for any lost educational opportunity from the beginning of the 2021-22 school year." (Id. Ex. C. at 1.) The District appealed this decision to the Minnesota Court of Appeals, which reversed the MDE. In re: Special Educ. Complaint 22-027C on behalf of V.S., No. A22-0250, 2022 WL 6272096, at *2 (Minn. Ct. App. Oct. 10, 2022).

**2.     Due Process Hearings**

In November 2021, the District initiated due process hearings regarding two of Plaintiffs' elementary-age children, to determine whether the District's proposal regarding a "segregated classroom" was the least restricted learning environment ("LRE"). (Mace Decl. Ex. A at 2-4; see Compl. at 4.)  Later that month, Plaintiffs initiated their own due process hearing to determine whether home-based services were the LRE. (Compl. at 6.) In February 2022, the ALJ consolidated the hearings and determined that the District's proposed controlled classroom was the LRE, and that "the severity of the Students' disabilities is not standing in their way of attending school, only the Parent's distrust of the School District." (Mace Decl. Ex. A at 18-19.)

### 3. MDHR Charge of Discrimination

In December 2021, Plaintiffs filed a charge of discrimination with the Minnesota Department of Human Rights ("MDHR"), alleging that the District discriminated against their children by failing to provide a wheelchair-accessible bus for one child and for refusing Plaintiffs' request to homeschool. (Compl. at 5; Mace Decl. Ex. D at 3.) In May 2022, the MDHR determined that there was no probable cause to determine that the District had discriminated against Plaintiffs. (Mace Decl. Ex. D at 3.) Plaintiffs appealed this decision, and the MDHR concluded that Plaintiffs did not provide any new information to merit a reversal. (Id. Ex. E at 4.)

At some point during the 2021-2022 school year, Plaintiffs enrolled their children in a different school district. (Docket No. 25 at 2; see Compl. at 7.) Subsequently, Plaintiffs filed this lawsuit, seeking $20,360,000 in damages, which includes Nicole Skaro's lost income, private school tuition for four of their children, various damages for all five children, and a "wavier and assistance buyout" for three of their children. Defendants move to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), (3), (5) and (6).

## DISCUSSION

The Court grants Defendants' Motion because the Court lacks subject matter jurisdiction over the alleged claims, the Complaint fails to state a claim upon which relief can be granted, and Plaintiffs did not properly serve either the District or Froelich.

### A. Lack of Subject Matter Jurisdiction

The Court lacks subject-matter jurisdiction to hear Plaintiffs' claims. A motion to

4

dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may challenge the complaint either on its face or on the "factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When a defendant challenges the complaint on its face, the Court reviews the pleadings and affords a plaintiff the same protections that he or she would receive on a Rule 12(b)(6) motion to dismiss. See Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The Court takes the factual allegations as true and will only dismiss a complaint if a plaintiff fails to allege an essential element for subject-matter jurisdiction. See Titus, 4 F.3d at 593.

1. **Due Process Decisions**

Under Minnesota law, within 90 days of the issuance of a due process decision, a "parent or [school] district may seek review of the [due process] hearing officer's decision in . . . the federal district court." Minn. Stat. § 125A.091, subd. 24. Here, the last due process decision was rendered on March 11, 2022. (Mace Decl. Ex. G.) Plaintiffs allowed the 90-day window to seek any such review in this Court to lapse, and any claim related to a due process decision is time-barred.

2. **MDHR Decision**

The Court may exercise supplemental jurisdiction over an MDHR decision. See Brinkman v. Nasseff Mech. Contractors Inc., 251 F. Supp. 3d 1266, 1276 (D. Minn. 2017) (Kyle, J.). A party wishing to appeal an MDHR decision has 45 days in which to file a complaint and serve a summons on a defendant. Minn. Stat. 363A.33 subd. 1(2); Minn. R. Civ. P. 3.01. Here, the MDHR affirmed its earlier finding of no probable cause on June 9, 2022. (Mace Decl. Ex. E.) Plaintiffs failed to serve Defendants within the following 45

days, as required by statute. (See Docket No. 16.) Thus, as with Plaintiffs' due process claims, any claim regarding the MDHR decision is time-barred.

### 3. MDE Decision

The Minnesota Court of Appeals reversed the MDE's decision that District violated the law by failing to provide special education services to Plaintiffs' children. In re: Special Educ. Complaint 22-027C on behalf of V.S., 2022 WL 6272096, at *2. Plaintiffs provide no reason for the Court to exercise supplemental jurisdiction and review this claim. Indeed, as discussed below, Plaintiffs' MDE claim cannot be relitigated here.

Defendants raise the affirmative defense of res judicata as a bar to all of Plaintiffs' claims arising from the various administrative decisions. "The law of the forum that rendered the first judgment controls the res judicata analysis." Laase v. Cnty. of Isanti, 638 F.3d 853, 856 (8th Cir. 2011) (quotation omitted). Under Minnesota law, in order to successfully assert such a defense, Defendants must establish that: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." Hintz v. JPMorgan Chase Bank, N.A., 686 F.3d 505, 509 (8th Cir. 2012) (citing Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004)). Defendants satisfy these elements, because the claims that Plaintiffs seem to raise in this matter involve the same facts as did the MDE, MDHR, and due process decisions, which involved the same parties. Further, the MDE, MDHR, and Minnesota Court of Appeals rendered final judgments on the merits. Plaintiffs had a full and fair opportunity to litigate this matter in those forums, and any attempt to do so here is

6

barred by res judicata.

**B.     Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678. At this stage, the Court assumes the allegations in the Complaint are true and views them in the light most favorable to Plaintiffs. See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012). However, the Court need not "divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." Warmington v. Bd. of Regents of Univ. of Minnesota, 998 F.3d 789, 796 (8th Cir. 2021) (quoting Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009)).

The obscure Complaint contains general grievances against Defendants and allegations that Plaintiffs' vague constitutional and civil rights were violated. For example, Plaintiffs claim that "[s]pecial education services to include speech therapy have not been completed," that the due process hearings exposed their children's disabilities, that the

7

District called the sheriff to do a welfare check as a form of retaliation, and that Defendants engaged in "intimidation, stalking, and harassment." (Compl. at 4, 7.) But Plaintiffs provide no additional facts to support these bald allegations or specify which Defendant allegedly committed which supposed violations. Moreover, Plaintiffs utterly fail to specify any right that Defendants obstensibly violated, identify any law under which they bring this action, or state any claim upon which relief can be granted. Liberally construing the Complaint, Plaintiffs grievances could potentially be cast as claims under the Americans with Disabilities Act, Individuals with Disabilities Education Act ("IDEA"), or § 504 of the Rehabilitation Act, or as other discrimination and retaliation claims. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To the extent that Plaintiffs raised any claims under the IDEA, Plaintiffs must "exhaust administrative procedures to the same extent provided for in IDEA when 'seeking relief that is also available' under IDEA." M.Y. ex rel. J.Y. v. Special Sch. Dist. No. 1, 519 F. Supp. 2d 995, 1000 (D. Minn. 2007) (quoting 20 U.S.C. § 1415(*l*)) (Doty, J.). Plaintiffs fail to demonstrate that they exhausted their administrative remedies for any such claim. Thus, even if Plaintiffs had raised a valid IDEA claim in the first instance, the claims would not properly be before the Court.

Plaintiffs attempt to raise new, yet similarly ambiguous, allegations in their Notice responding to Defendants' Motion. Liberally construing the Notice, the new claims include another constitutional claim and various claims regarding Matthew Skaro's "military status," Plaintiffs' parental rights, and their children's IEPs. As an initial matter, a plaintiff must plead all claims in his or her complaint, and "it is axiomatic that a complaint

8

may not be amended by the briefs in opposition to a motion to dismiss." Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (quotation omitted). In any event, Plaintiffs' new claims would fare no better than those pled in the Complaint, because Plaintiffs again fail to sufficiently allege a cause of action.[4] Moreover, the only Defendants who have been properly served, Defendants Tordoff, DeVaan, Devine, and Gellar, have only been sued in their official capacities.

## C. Failure to Serve Defendants

A defendant may move to dismiss an action based on insufficient service of process. Fed. R. Civ. P. 12(b)(5). If a defendant has not been properly served, the Court lacks jurisdiction over a defendant "whether or not [the defendant] had actual notice of the lawsuit." Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996).

Here, two Defendants, the District and Froehlich, raise lack of service as reason to dismiss the lawsuit against them. Plaintiffs filed the Complaint on June 28, 2022, and thus the 90-day window to serve the District and Froehlich lapsed on September 26, 2022. Fed. R. Civ. P. 4(m). Plaintiffs failed to serve them within that timeframe, or at any other time. In Defendants' memorandum, they reiterated that the District and Froehlich did not waive service and cited the relevant law to assist Plaintiffs, including who could accept service on behalf of the District and Froehlich. Even so, Plaintiffs did not avail themselves of the remaining two weeks to serve the District and Froehlich.

---

[4] The Court is empathic to the significant health challenges that Plaintiffs' family faces, yet the Court also acknowledges the District's attempts to accommodate Plaintiffs' need and concerns. But Plaintiffs fail to demonstrate that any recourse is available to them in federal court.

The docket reflects that in an attempt to serve the District, the summons was served on a director of finance and operations and the high-school principal. (Docket Nos. 13, 14.) Because the District is a municipality, the summons and complaint must either be served on the "chief executive officer" or, according to Minnesota law, a copy of the summons and complaint must be served on a school board member. Fed. R. Civ. P. 4(j)(2); Minn. R. Civ. P. 4.03(e)(4); Minn Stat. § 466.01, subd. 2. Plaintiffs have not served the District, because they have not served either the superintendent of schools or any member of the school board. Although Plaintiffs claim a U.S. Marshal served Froehlich, they did not request that the Marshals Service mail a request for a waiver of service to Froehlich; rather, Plaintiffs admit that they did not receive verification that she had been served. (Docket No. 25 at 1.)

In sum, Plaintiffs fail to demonstrate that they successfully served the appropriate individuals. Thus, the District and Froehlich are dismissed under Rule 12(b)(5). Although Defendants ask for dismissal with prejudice, the better course here is to dismiss the claims against the District and Froelich without prejudice. See Fed. R. Civ. P. 4(m).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendants' Motion to Dismiss (Docket No. 17) is **GRANTED**;

2. Plaintiffs' claims against Defendants Paul Tordoff, Pat Devine, Dr. Khuzana DeVaan, and Dana Gellar are **DISMISSED with prejudice**; and

3. Plaintiffs' claims against Defendants Jennifer Froelich, Waconia Public Schools, and Independent School District 110 are **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: Monday, November 7, 2022            *s/ Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge